UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANTONIO CERVANTES, JR., | ) | CASE NO. 4:12-cv-02735 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| WARDEN COAKLEY, | ) | |
| | ) | |
| RESPONDENT. | ) | |

*Pro se* petitioner Antonio Cervantes, Jr. ("petitioner" or "Cervantes") filed the above-captioned petition pursuant to 28 U.S.C. § 2241 on November 1, 2012. (Doc. No. 1.) Petitioner, who is confined in the Federal Correctional Institution in Elkton, Ohio ("FCI Elkton"), names FCI Elkton Warden Coakley as respondent. He asserts he is entitled to credit against his federal sentence for time he spent in allegedly exclusive federal custody prior to sentencing. Petitioner also filed a motion to proceed *in forma pauperis*. (Doc. No. 2.) On April 29, 2013, petitioner filed a motion to advance cause (Doc. No. 3), seeking an immediate determination on his request for relief. As this opinion and order resolves Cervantes' petition, that motion is DENIED as moot. For the reasons set forth below, the motion to proceed *in forma pauperis* is GRANTED, the petition is DENIED, and the case is DISMISSED.

## I. BACKGROUND

On June 3, 2010, petitioner was arrested, charged with felon in possession of a firearm, and placed in a Michigan jail. (Doc. No. 1 at 1.) At the time, he was also on parole from

the Michigan Department of Corrections ("MDOC"). (Doc. No. 1 at 1.) As a result, Michigan authorities held him in a local jail without bond. (Doc. No. 1 at 1.)

The day after his arrest, petitioner claims he was interviewed by agents from the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), who allegedly advised petitioner that all state matters would be "on hold . . . pending further investigation . . . ." (Doc. No. 1 at 2.) He claims the ATF ordered the State of Michigan to hold petitioner in federal custody until he could be transferred to face federal charges. (Doc. No. 1 at 2.)

On or about April 21, 2011, a felony information was filed against petitioner in the United States District Court for the Western District of Michigan, charging him with the crime of felon in possession of a firearm. *See United States v. Cervantes*, No. 1:11-cr-00123 (W.D. Mich. 2011)(Bell, J.) Following a bond hearing on April 28, 2011, Magistrate Judge Hugh Brenneman Jr. ordered petitioner's continued detention pending trial. Petitioner subsequently changed his plea to guilty and was sentenced on August 23, 2011 to serve 120 months in prison, concurrently with any state court sentence he may be serving, followed by three years of supervised release. *Id*. He is scheduled for release from prison on May 9, 2020. *See* http://www.bop.gov/iloc2/LocateInmate.jsp.

Petitioner avers he was transported to Jackson, Michigan by the MDOC on August 29, 2011 to attend his parole revocation hearing. Michigan authorities "reparoled" petitioner "to federal custody" on December 13, 2011. (Doc. No. 1 at 2.) In March 2012, petitioner learned his federal sentence was not credited for June 3, 2010 through December 13, 2011, a period he believed he spent in exclusive federal custody. Cervantes submitted a Request for Administrative Remedy to FCI Elkton prison staff, asking for sentence credit pursuant to 18 U.S.C. § 3585. (Doc. No. 1 at 2.) The request was denied because the warden determined

petitioner was already provided sentence credit for the period of time he sought credit against his federal sentence. The warden advised Cervantes that because he was "in state custody for a parole violation," federal authorities borrowed him from state authorities on April 26, 2011 so he could face charges on his federal indictment. (*Id.*) Cervantes later fully exhausted his administrative remedies.

Petitioner claims that he was not in state custody until Michigan imposed his parole revocation sentence. Relying on *McClain v. Bureau of Prisons*, 9 F.3d 503 (6th Cir. 1992), petitioner believes the Sixth Circuit supports his presumption that because his "state charge commenced post or after the federal charge" he was in exclusive federal custody until he was sentenced by the state. (Doc. No. 1 at 3.)

## II. DISCUSSION

### A. Standard of Review

This matter is before the Court for initial screening. "A court . . . entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. "District Courts are authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Suaza v. Dep't of Justice*, 14 F. App'x 318, 319 (6th Cir. 2001) (rejecting the argument that the district court improperly dismissed a § 2241 petition without first requiring a response from the government) (citing 28 U.S.C. § 2243). "The burden to show that he is in custody in violation of the Constitution of the United States is on the prisoner." *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970) (citations omitted).

**B. Federal Habeas**

A district court may grant writs of habeas corpus within its respective jurisdiction. 28 U.S.C. § 2241(a). The writ "shall not extend to a prisoner unless -- (3) [h]e is in custody in violation of the Constitution or laws or treaties of the United States[.]"  28 U.S.C. § 2241(c)(3). Petitioner, who is incarcerated within this Court's jurisdictional reach,[1] asserts he is entitled to credit against his federal sentence pursuant to 18 U.S.C. § 3585(b). For the reasons set forth below, petitioner is not entitled to any credit.

**C. Federal Sentence Credit**

"After a district court sentences a federal offender, the Attorney General, through the [Bureau of Prisons], has the responsibility for administering the sentence." *United States v. Wilson*, 503 U.S. 329, 335 (1992) (citing 18 U.S.C. § 3621(a)). "To fulfill this duty, the BOP must know how much of the sentence the offender has left to serve." *Wilson*, 503 U.S. at 335. Because a district court cannot determine the amount of the credit at sentencing, the Attorney General must make the determination as an administrative matter when imprisoning the defendant. *Id.*; *United States v. Crozier*, 259 F.3d 503, 520 (6th Cir. 2001) ("[P]ower to grant credit for time served lies solely with Attorney General and Bureau of Prisons") (citing 18 U.S.C. § 3585(b)).

A prisoner is entitled to credit against his or her sentence under the following circumstances:

A defendant shall be given credit toward the service of a term of imprisonment for

---

[1] Since filing this § 2241 petition, Cervantes has been transferred to FTC Oklahoma City. Because courts determine whether a habeas petitioner is in custody at the time the application is filed, *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968); *Sevier v. Turner*, 742 F.2d 262, 268 (6th Cir. 1984), Cervantes's subsequent transfer to FTC Oklahoma City does not divest this Court of subject matter jurisdiction.  See *Ross v. Mebane*, 536 F.2d 1199 (7th Cir. 1976) (jurisdiction over a petition for a writ of habeas corpus is determined when petition filed); *Harris v. Ciccone*, 417 F.2d 479 (8th Cir. 1969), *cert. denied*, 397 U.S. 1078 (1970).

>any time he has spent in official detention prior to the date the sentence commences—
>   (1) as a result of the offense for which the sentence was imposed; or
>   (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>*that has not been credited against another sentence*.

18 U.S.C. § 3585(b) (emphasis added). Evolved legal precedent instructs that credit against a federal sentence attaches only when a federal detainer is the exclusive reason for a prisoner's failure to obtain his release on bail. *See McClain*, 9 F.3d at 505.

The relevant facts indicate petitioner was first arrested by local authorities on June 3, 2010. "Normally, the sovereign which first arrests an individual acquires priority of jurisdiction for purposes of trial, sentencing, and incarceration. However, the sovereign with priority of jurisdiction . . . may elect under the doctrine of comity to relinquish it to another sovereign." *Ward v. Minick,* No. 91-1941, 1992 WL 26998 (6th Cir. Feb. 13, 1992) (quoting *United States v. Warren,* 610 F.2d 680, 684-85 (9th Cir.1980)).

The state of Michigan never relinquished its jurisdiction over petitioner as the first sovereign. Following petitioner's arrest, local authorities held him "without bond" (Doc. No. 1 at 1), establishing first priority over Cervantes's custody effective June 3, 2010. At that time, petitioner was unable to seek immediate release because of the *state's* decision to hold him without bond. In other words, petitioner was not, at that time in exclusive federal custody. *See Godfrey v. U.S. Attorney General*, 791 F.2d 932, at *1 (6th Cir. 1986) (unpublished) (denying credits for time spent awaiting disposition of state charge when petitioner was unable to post state bond). The state of Michigan loaned petitioner to federal authorities to face charges, but retained its primary jurisdiction until Cervantes was paroled by the state on December 13, 2011. It was not until that date that petitioner was in exclusive federal custody for § 3585 purposes. *See McClain*, 9 F.3d at 505 (once released on parole from state charges, petitioner was in exclusive

federal custody). Imposition of the state sentence only after imposition of the federal sentence affects neither Michigan's status as first sovereign nor Michigan's custody over petitioner. To the extent that petitioner claims state, not federal, custody existed in *McClain* because the state court imposed its sentence before the federal court, petitioner misconstrues that case. Following *McClain*, petitioner was not in exclusive federal custody until December 13, 2011, when he was paroled by the state.

Finally, petitioner is not entitled to receive credit against his federal sentence because he has not shown or even alleged that credit for his June 3, 2010 to December 13, 2011 incarceration was not applied to another sentence. *See* 18 U.S.C. § 3585. He has not argued, nor do the facts suggest, that the state failed to provide credit against his parole violation sentence for this time. Accordingly, petitioner has not shown on the face of his complaint that he has been denied any credit to which he is entitled under § 3585.

### III. CONCLUSION

For the foregoing reasons, the motion to proceed *in forma pauperis* is GRANTED, the motion to advance cause is DENIED as moot, and the petition for writ of habeas corpus is DENIED pursuant to 28 U.S.C. § 2243. The Court certifies that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: October 2, 2013

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**